**UNITED STATES of America**

v.

**Sherrod YOUNG, a/k/a "G", Appellant.**

**No. 05–5032.**

United States Court of Appeals,
Third Circuit.

Opinion Filed Feb. 6, 2007.

Certiorari Granted by the Supreme Court of the United States Jan. 7, 2008.

Remanded by the Supreme Court of the United States Feb. 8, 2008.

May 13, 2008.

Theodore B. Smith, III, Office of United States Attorney, Harrisburg, PA, for United States of America.

Joseph A. O'Brien, Oliver, Price & Rhodes, Clarks Summit, PA, for Appellant.

Before SMITH and ROTH, Circuit Judges, and YOHN, District Judge *.

## JUDGMENT ORDER

D. BROOKS SMITH, Circuit Judge.

Sherrod Young was convicted by a jury of committing several controlled substance offenses in February of 2003. We affirmed his conviction, but vacated his sentence of 324 months of imprisonment and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court resentenced Young to 210 months. Young appealed again, asserting that (1) his sentence was too severe, or "greater than necessary," as it was the result of an unreasonable disparity between the penalties for crack cocaine and powder cocaine under the sentencing guidelines; and (2) the District Court erred in quantifying the amount of crack cocaine because the evidence was not reliable. In an opinion filed on February 2, 2007, we concluded that the District Court "correctly applied our post-*Booker* sentencing process" and that the District Court did not err in quantifying the amount of crack cocaine. Young petitioned the United States Supreme Court for certiorari.

On January 7, 2008, the United States Supreme Court granted Young's petition for certiorari, vacated the judgment of this Court, and remanded the case for further consideration in light of *Kimbrough v. United States*, 552 U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Upon further consideration of the issues raised by Sherrod Young in this matter, we conclude that the District Court's finding as to the quantity of crack cocaine was not clearly erroneous. We are mindful that the United States District Court sentenced Young without the benefit of the Supreme Court's guidance in *Kimbrough*, Accordingly, it is hereby ORDERED that the judgment of sentence imposed by the United States District Court on November 2, 2005, be and the same hereby is VACATED. This matter is REMANDED for resentencing in light of *Kimbrough*. All the above in accordance with this judgment order.

---

* The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.